## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DEWEY STRIP HOLDINGS, LLC, *et al.*, | ) | Case No. 13-11479 (CSS) |
| | ) | |
| Debtors.[1] | ) | **Related Docket Nos. 65 and 78** |
| | ) | |

## AMENDED ORDER (I) APPROVING THE DISCLOSURE STATEMENT, (II) ESTABLISHING SOLICITATION PROCEDURES, AND (III) SCHEDULING A HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN

Upon the Motion, dated November 15, 2013 (the "Motion")[2] of Dewey Strip Holdings, LLC and Las Vegas North Strip Holdings Syndications Group, LLC, the debtors and debtors-in-possession (collectively, "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), pursuant to sections 1125, 1126 and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), Rule 3017-1 of the Bankruptcy Local Rules for the District of Delaware (the "Bankruptcy Local Rules" or "B.L.R."), for an order (i) approving the Disclosure Statement for the Joint Plan of Reorganization proposed by the Debtors (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement"), dated September 10, 2013 [Docket No. 48]; (ii) approving procedures for the solicitation of votes with respect to the Joint Plan of Reorganization (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan"), dated September 10, 2013 [Docket No. 49], including (a) establishing a record date; (b) approving solicitation packages and procedures for distribution

---

[1] The Debtors and debtors-in-possession in these chapter 11 cases are Dewey Strip Holdings, LLC ("Dewey") and Las Vegas North Strip Holdings Syndications Group, LLC, f/k/a Las Vegas North Strip Holdings, LLC ("Las Vegas North" and, together with Dewey, the "Debtors").

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

00006468.DOC V-

thereof, (c) approving the form of ballot, (d) approving notice to the non-voting classes under the Plan, (e) establishing a voting deadline for the receipt of ballots, and (f) approving procedures for vote tabulation; and (iii) scheduling a hearing to consider confirmation of the Plan and approving the form and manner of notice thereof, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided, and the Court having determined that the relief sought in the Motion is in the best interest of the Debtors, their creditors, and all other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before the Court and sufficient cause appearing therefore, **IT IS HEREBY FOUND THAT:**

A.      The Debtors have full organizational authority to propose and prosecute the Plan and Disclosure Statement.

B.      Notice of the Motion and hearing on the Disclosure Statement were served as proposed in the Motion, and such notice constitutes good and sufficient notice to all interested parties and no other or further notice need be provided.

C.      The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

D.      The Disclosure Statement substantially complies with all applicable Bankruptcy Rules and Bankruptcy Local Rules.

E.      The period, set forth below, during which the Debtors may solicit acceptances to the Plan is reasonable and adequate period of time under the circumstances for creditors entitled to vote to make an informed decision to accept or reject the Plan.

F.      The procedures for solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion and in this Order below) provide for a fair and equitable voting process, and are consistent with section 1126 of the Bankruptcy Code.

G.      The form of the ballot for voting to accept or reject the Plan substantially in the form attached to the Motion as Exhibit D (the "Ballot"), as amended by the Debtors to reflect the date for accepting or rejecting the Plan and other relevant dates and supplemental information, adequately addresses the particular needs of these Cases and is appropriate for the class of Claims entitled to vote to accept or reject the Plan.

H.      Solicitation Packages, including the notice of time fixed for filing of objections and the hearing on confirmation, the Disclosure Statement (including the annexed Plan) approved by the Court, and Ballots need not be provided to each holder of claims in Class 2, Class 3, and Class 4 and interests in Class 5; such classes are not entitled to vote on the Plan because they receive no distributions under the Plan and are deemed to reject the Plan.

I.      The period, set forth below, during which the Debtors may solicit acceptances or rejections of the Plan, is reasonable and adequate for creditors and interest holders entitled to vote on the Plan to make an informed decision whether to accept or reject the Plan.

J.      The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion and below) provide a fair and equitable voting process and are consistent with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

K.    The procedures set forth below for providing notice to all creditors, interest holders, and other parties of interest of the date, time, and place of the hearing to consider, and the deadline for filing objections to, confirmation of the Plan (the "Confirmation Hearing") and the distribution and contents of the Solicitation Packages (as defined below) substantially comply with Bankruptcy Rules 2002 and 3017, and B.L.R. 3017-1 and constitute sufficient notice to all interested parties.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**

1.    The Motion is granted.

2.    The Disclosure Statement is approved.

3.    All objections to the Disclosure Statement not otherwise withdrawn or resolved by this Order are hereby overruled.

4.    The (Class 1) Ballot substantially in the form attached as Exhibit D to the Motion is approved.

5.    Holders of Claims in Class 1 (the "Voting Class"), existing as of January 14, 2013 (the "Voting Record Date"), are entitled to vote to accept or reject the Plan.

6.    On or before January 15, 2014 (the "Solicitation Date"), the Debtors shall distribute to each holder of claims in the Voting Class and to the Administrative Agent for the holders of the Senior Secured Claims, or the representative(s) of holders of such claims, or their counsel, as the case may be, a solicitation package (each, a "Solicitation Package") containing copies of: (i) the Confirmation Hearing Notice, substantially in the form attached to the Motion as Exhibit C, but with such amendments as are necessary to reflect the date for accepting or rejecting the Plan and other relevant dates and supplemental information; (ii) the Disclosure Statement (including a copy of this Order) and the Plan; and (iii) a Ballot and return envelope.

7.    On or before January 15, 2014, the Debtors shall distribute a notice of non-voting status (the "Notice of Non-Voting Status"), substantially in the form attached to the Motion as Exhibit E, but with such amendments as are necessary to reflect the date for objecting to confirmation of the Plan and other relevant dates and supplemental information, to all known holders of claims or interests in Classes 2 through 5, which are deemed to reject the Plan.

8.    The Debtors are excused from re-distributing Solicitation Packages, the Confirmation Hearing Notice, and Notice of Non-Voting Status that are returned as undeliverable.

9.    All Ballots shall be properly executed, completed, and delivered with original signatures to counsel for the Debtors ("Debtors' Counsel"), *Neal Wolf & Associates, LLC 155 N. Wacker Drive, Suite 1910, Chicago, IL 60606, Attn: Neal L. Wolf, Esq.*, so that they are received by Debtors' counsel no later than **4:00 p.m. (prevailing Eastern Time) on February 14, 2014** (the "Voting Deadline").

10.    Except as otherwise provided herein, any Ballot that is timely received, that contains sufficient information to permit identification of the claimant or designated representative and that is cast as an acceptance or rejection of the Plan with respect to one or both of the Debtors will be counted and will be deemed cast as an acceptance or rejection, as the case may be, of the Plan with respect to one or both of the Debtors.

11.    The following Ballots will not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline unless the Debtor granted an extension, in writing, of the Voting Deadline with respect to such Ballot; (ii) any Ballot that is illegible in any material respect or contains insufficient information to permit the identification of the claimant or the Claim amount; (iii) any Ballot cast by a person or entity that does not hold a Claim in a class that is entitled to vote to

accept or reject the Plan; (iv) any unsigned Ballot, (v) any Ballot transmitted to Debtor's Counsel that does not contain an original signature; and (vi) any properly executed, timely received Ballot that partially rejects and partially accepts the Plan or that does not indicate an acceptance or rejection of the Plan.

12.     Debtors' Counsel is authorized to, in its discretion, contact voters or, where possible, their respective counsel, to cure any defects in the Ballots and is authorized to so cure any defects.

13.     Notwithstanding Bankruptcy Rule 3018(a), whenever a creditor casts more than one Ballot with respect to either Debtor, voting the same Claim with respect to such Debtor, before the Voting Deadline, the last Ballot received before the Voting Deadline with respect to such Debtor will be deemed to reflect the voter's intent and thus to supersede any prior Ballots, without prejudice to the Debtors' right to object to the validity of the second, or any subsequent, Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the first Ballot with respect to such Debtor for all purposes.

14.     Creditors must vote all of their Claims against one or both Debtors within a particular class under the Plan together either to accept or to reject the Plan and may not split their vote(s) with respect to any single Debtor, and that any properly executed, timely received Ballot that partially rejects and partially accepts the Plan with respect to a Debtor shall not be counted as a vote to accept or reject the Plan; *provided, however*, creditors holding claims against both Debtors may accept the Plan with respect to one Debtor and reject it with respect to the other.

15.     The Confirmation Hearing shall be held at **11:00 a.m. (prevailing Eastern Time) on February 27, 2014,** or as soon thereafter as counsel may be heard; *provided, however*, that the Confirmation Hearing may be continued from time to time by the Court or the Debtors

without further notice other than announcement of such adjournments in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.

16.     The Confirmation Hearing Notice and the Notice of Non-Voting Status substantially in the forms attached as Exhibits C and E to the Motion, respectively, are hereby approved and deemed adequate and sufficient notice of the Confirmation Hearing in accordance with Bankruptcy Rules 2002 and 3017, and B.L.R. 3017-1.

17.     Any objections to confirmation of the Plan shall: (i) be in writing, (ii) state the name and address of the objecting party and the nature of the Claim or Interest of such party, (iii) state with particularity the basis and nature of any objection, and (iv) be filed, together with proof of service, with the Court, and be served so that they are actually filed and received no later than **4:00 p.m. (prevailing Eastern time) on February 17, 2014**, by the following parties:

Counsel for the Debtors:
Neal Wolf & Associates, LLC
155 N. Wacker Drive, Suite 1910
Chicago, IL 60606
Attn: Neal L. Wolf, Esq.
Tel: 312-228-4982
Fax: 312-228-4988
Email: nwolf@nealwolflaw.com
Email: mkhambati@nealwolflaw.com

Counsel for the Debtors:
Womble Carlyle Sandridge & Rice, LLP
Steven K. Kortanek (DE Bar No. 3106)
Ericka F. Johnson (DE Bar No. 5024)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Main: (302) 252-4320
Fax: (302) 252-4330
E-mail: skortanek@wcsr.com
E-mail: erjohnson@wcsr.com

United States Trustee:
Office of the United States Trustee,
Region 3
Richard L. Schepacarter
Trial Attorney
U. S. Department of Justice
(302) 573-6540

18.     Objections to confirmation of the Plan that are not timely filed, served and actually received in the manner set forth above may not be considered by the Court and may be deemed overruled.

00006468.DOC V-                                                  7

19.     The Debtors may file a reply to any objections to confirmation of the Plan on or before **4:00 p.m. (prevailing Eastern time) on February 24, 2014**.

20.     The Debtors are authorized, in their sole discretion, to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court unless such action materially impacts the rights and obligations of parties under the Plan and/or the Disclosure Statement.

21.     The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Confirmation Notice, the Notice of Non-Voting Status and/or the Ballots without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make any necessary conforming changes among the Disclosure Statement, the Plan and other materials in the Solicitation Package prior to their mailing.

22.     All notices to be provided pursuant to the procedures set forth herein are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing and no other or further notice need be provided.

23.     The Debtors are hereby authorized and empowered to take such other and further steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

24.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order.

Dated: December __27__ , 2013

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge