IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DEWEY STRIP HOLDINGS, LLC, et al., | ) | Case No. 13-11479 (CSS) |
| | ) | |
| Debtors. | ) | **Related Docket Nos. 49, 84, 97, 98, 107,** |
| | ) | **108, and 120** |

**ORDER CONFIRMING DEBTORS' JOINT PLAN OF REORGANIZATION
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

THIS MATTER COMING TO BE HEARD for hearing on confirmation of the Joint Plan of Reorganization (the "Plan") filed by Dewey Strip Holdings, LLC ("Dewey") and Las Vegas North Strip Holdings Syndications Group, LLC, f/k/a Las Vegas North Strip Holdings, LLC ("Las Vegas North") the debtors and debtors-in-possession (collectively, the "Debtors" or "Reorganized Debtors") in the above-captioned cases (the "Chapter 11 Cases") on September 10, 2013 [Docket No. 49], the Court (i) having commenced the hearing on confirmation of the Plan (the "Confirmation Hearing") pursuant to sections 1126, 1128 and 1129 of title 11 of the United States Code (the "Bankruptcy Code") on April 1, 2014, at 10:00 a.m. Eastern Standard Time and continued and concluded the Confirmation Hearing to May 5, 2014, at 2:00 p.m. Eastern Daylight Time; (ii) having reviewed the Plan and the Debtors' Memorandum of Law (A) In Support of Confirmation of Joint Plan of Reorganization and (B) In Response to Objections Thereto [Docket No. 108]; (iii) having reviewed the Declaration of Martin H. Walrath, IV in Support of Confirmation of the Joint Plan of Reorganization [Docket No. 120]; (iv) having reviewed the Declaration of John A. Benson, Jr. With Respect to the Tabulation of Votes on the Joint Plan of Reorganization [Docket No. 107] (the "Ballot Tabulation Declaration"); (v) having reviewed and considered the objection to confirmation filed by Bank of the West ("BOTW")

[Docket No. 97] (the "BOTW Objection") and the Election of Application of 1111(b)(2) of the Bankruptcy Code filed by BOTW [Docket No. 98] (the "BOTW 1111(b) Election"); (vi) having considered all other relevant pleadings, exhibits, statements, documents and filings regarding confirmation of the Plan ("Confirmation"); and (vii) having heard and considered the statements of counsel and all other testimony and evidence proffered and/or adduced at the Confirmation Hearing, and in respect of, Confirmation of the Plan, and after due deliberation and sufficient cause appearing therefor, the Court hereby makes and issues the following findings of fact, conclusions of law and orders as follows (this "Order"):[1]

## I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

IT IS HEREBY DETERMINED, FOUND AND CONCLUDED THAT:

A.  The Debtors have timely served by mail on the creditors, interested parties, and all parties entitled to notice in the Chapter 11 Cases an approved Disclosure Statement, the Plan, the Confirmation Hearing Notice, and the Court's Amended Order (I) Approving the Disclosure Statement, (II) Establishing Solicitation Procedures, and (III) Scheduling a Hearing and Establishing Notice and Objection Procedures With Respect to Confirmation of the Plan. On December 27, 2013, the Court entered an Amended Order (I) Approving Disclosure Statement, (II) Establishing Solicitation Procedures, and (III) Scheduling a Hearing and Establishing Notice and Objection Procedures with Respect to Confirmation of the Plan [Docket No. 84] wherein the Court found that the Disclosure Statement contained adequate information as required under 11 U.S.C. § 1125. Adequate notice has been given to creditors and parties in interest regarding the Plan, the Confirmation Hearing and the deadlines for voting and for filing objections to the Plan.

B.  On April 4, 2014, the Court entered an Order (I) Approving Form of Notice of Deadline to Make Bankruptcy Code Section 1111(b) Election and (II) Establishing Related

---

[1] Capitalized terms not otherwise defined in this Order shall have the meanings set forth in the Plan.

Deadlines [Docket No. 127] (the "<u>1111(b) Notice</u>"). The Debtors have timely served the 1111(b) Notice by mail on all creditors, including the Junior Lienholders, interested parties and all parties entitled to notice in the Chapter 11 Cases, establishing April 25, 2014 as the deadline by which the Junior Lienholders were required to make an election pursuant to section 1111(b) of the Bankruptcy Code [Docket No. 129]. Adequate notice of the 1111(b) Notice has been given to the Junior Lienholders.

C. Of the creditors in Class 2 of the Plan, only BOTW made an election under section 1111(b) of the Bankruptcy Code. The parties dispute the right of BOTW to make such election.

D. In consideration for the BOTW Payment (as defined below) BOTW has agreed to withdraw the BOTW Objection and the BOTW 1111(b) Election.

E. The modifications to the Plan approved by this Order, if any, do not constitute a material adverse modification of the treatment of any creditor, vis-à-vis treatment proposed in the Plan and, therefore, no further notice to creditors or parties in interest is necessary.

F. On February 24, 2014, the Debtors filed the Ballot Tabulation Declaration certifying the method and results of the ballot tabulation for each of the Voting Classes voting to accept or reject the Plan.

G. The Plan has been accepted in writing by the requisite majorities in dollar amount and number as required by section 1126 of the Bankruptcy Code.

H. As evidenced by the Ballot Tabulation Declaration and evidence proffered or adduced at the Confirmation Hearing, which certified both the method and the results of the voting, all Classes that were entitled to vote have accepted the Plan pursuant to the requirements of sections 1124 and 1126 of the Bankruptcy Code. Thus, at least one Impaired Class of Claims,

determined without including any acceptance by an insider of the Debtors, has voted to accept the Plan.

I. The Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and the Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

J. The Plan complies with all applicable provisions of the Bankruptcy Code, as required by section 1129(a)(1) of the Bankruptcy Code, including sections 1122 and 1123, and other applicable law.

K. The Senior Secured Lenders have participated in the Chapter 11 Cases solely as secured creditors, and the Administrative Agent has participated in the Chapter 11 Cases solely as the administrative agent for the Senior Secured Lenders.

## II. ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

### *Confirmation of the Plan*

1. The Plan, substantially in the form as amended through the date hereof, and each of its provisions are approved and confirmed in each and every respect pursuant to section 1129 of the Bankruptcy Code. The exhibit(s) to the Plan (as may be modified pursuant to the terms of the Plan and/or such exhibit, as applicable) are incorporated by reference into and comprise an integral part of the Plan and this Confirmation Order.

2.	The provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent. This Order constitutes a judicial determination that each term and provision of the Plan, as it may have been altered, modified or interpreted at the Confirmation Hearing is valid and enforceable pursuant to its terms.

3.	The findings of fact and conclusions of law of the Bankruptcy Court set forth herein and at the Confirmation Hearing shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable herein by Bankruptcy Rule 9014, and the findings and conclusions of the Bankruptcy Court at the Confirmation Hearing are incorporated herein by reference. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

4.	All Objections or other responses to confirmation of the Plan not otherwise resolved herein are overruled.

5.	The stay contemplated by Bankruptcy Rule 3020(e) shall not apply to this Order. Subject to the provisions of Article VI of the Plan, and notwithstanding any otherwise applicable law, immediately upon the entry of this Order, the terms of the Plan and this Order are deemed binding upon the Reorganized Debtors, any and all holders of Claims or Interests (irrespective of whether such Claims or Interests are impaired under the Plan or whether the holders of such Claims or Interests accepted, rejected or are deemed to have accepted or rejected the Plan), any and all non-debtor parties to executory contracts and unexpired leases with the Debtors and any and all entities that are parties to or are subject to the settlements, compromises, assumptions and assignments, releases, discharges and injunctions and any other party-in-interest and any Person making an appearance in the Chapter 11 Cases and their respective heirs, executors,

administrators, successors or assigns, if any, of any of the foregoing. Accordingly, as permitted by Bankruptcy Rule 3020(e), the fourteen (14) day period provided by such rule is hereby waived in its entirety.

### *Continued Corporate Existence; Vesting of Assets*

6. Except as otherwise provided in the Plan, the Reorganized Debtors shall continue to exist after the Effective Date as separate corporate entities, with all of the powers of a corporation (or such other corporate form) under applicable law and in the respective jurisdictions in which it is incorporated or organized and pursuant to its respective certificates, articles of incorporation and by-laws, operating agreements and other documents in effect prior to the Effective Date, provided, however, on the Effective Date, the Equity Interests of the Debtors' Equity Interest Holders shall be canceled and terminated and each Reorganized Debtor shall issue new membership interests in such Reorganized Debtor to Manchester. Except as otherwise provided in the Plan, as of the Effective Date, all property of the Estate shall be vested in each Reorganized Debtor in accordance with section 1141 of the Bankruptcy Code as of the Effective Date. Notwithstanding the foregoing, Confirmation shall not operate as a discharge of the Debtors or Reorganized Debtors with respect to the Senior Secured Loan Documents, the obligations owing to the Senior Secured Lenders pursuant to the Senior Loan Documents or the Senior Secured Claim.

7. As of the Effective Date, each Reorganized Debtor may operate its business, use, acquire, and dispose of property without supervision of the Bankruptcy Court, free of any restriction of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by the Plan or this Order. Without limiting the foregoing, the Reorganized Debtors are authorized to pay the charges that they incur on or after the Effective Date for professionals'

fees, disbursements, expenses or related support services without application to the Bankruptcy Court.

### *Release of Junior Lien*

8. The Junior Lien Claim, which is *inter alia*, secured by a Subordinated Deed of Trust dated July 21, 2009, recorded with the Office of the Recorder of Clark County, Nevada ("Recorder") as document 20090721-0004569, is disallowed in its entirety and the Junior Lien is hereby avoided, nullified, disallowed, and vacated. The Reorganized Debtors are authorized and directed to execute and file any such documents or instruments, including those with the Recorder as are reasonably necessary and appropriate to remove and effect the release of the Junior Lien or any other lien related thereto from the records of the Recorder or otherwise. The Recorder and any other recording office is hereby directed and ordered to remove the Junior Lien or any other lien related thereto from the records of the Recorder. Any prospective insurer of title to the Property is directed and ordered to disregard the Junior Lien in its analysis of the condition of title, as if the Junior Lien had never existed.

### *The BOTW Payment*

9. On account of, and in consideration for the withdrawal by BOTW of the BOTW Objection and the BOTW 1111(b) Election, BOTW shall have a limited right to receive payment of no more than $3,920,282 (the "BOTW Payment") solely in accordance with the terms and conditions set forth in this Order. Except for the payment right specifically set forth in this Order, BOTW shall have no other rights or claims against the Reorganized Debtors.

10. For purposes of this Order, (i) all amounts necessary to satisfy in full the Senior Secured Claims of the Senior Secured Lenders pursuant to the Senior Loan Documents (as such may be amended, modified or restructured from time to time) including, but not limited to, all

principal, premium (if any), interest (including any default interest), all reimbursement obligations (if any), all Hedging Obligations (as defined in the Senior Loan Documents), unused commitment fees, any other fees, costs and expenses and any and all other amounts necessary or required to be paid under the Senior Loan Documents (as such may be amended, modified or restructured from time to time) shall be referred to as the "<u>Senior Payoff Amount</u>"; (ii) the amount necessary to satisfy in full all amounts, including, but not limited to, principal, premium (if any), interest, fees, costs and expenses paid by insiders and/or affiliates of the Debtors and/or the Reorganized Debtors (including, but not limited to Manchester, MOAC and the Guarantors), with respect to the claim of the Senior Secured Lenders shall be referred to as the "<u>Related Party Payoff Amount</u>"; and (iii) the Related Party Payoff Amount minus the amount of $3,920,282 shall be referred to as the "<u>BOTW Trigger Amount</u>."

11. BOTW's sole and only right to receive payment under the Plan or otherwise from any source, including the BOTW Payment shall be as follows:

(a) If, at any time within five (5) years from the date of this Order, either or both of the Strip Properties are sold or refinanced under circumstances in which the net sale proceeds and/or the refinancing funds received by the Reorganized Debtors are in an amount in excess of the sum of [i] the Senior Payoff Amount and [ii] the BOTW Trigger Amount, then and only then shall BOTW be entitled to receive the remaining sale proceeds or proceeds from the refinancing(s) in excess of the sum of the Senior Secured Payoff Amount and the BOTW Trigger Amount, up to the amount of the BOTW Payment, which proceeds shall be paid to BOTW in full and final satisfaction of the BOTW Payment. In no event shall any such payment to BOTW be paid prior to the Senior Secured Lenders being paid in full the Senior Payoff Amount.

(b)     If, at any time within five (5) years from the date of this Order, either or both of the Strip Properties are sold or refinanced under circumstances in which the net sale proceeds and/or the refinancing funds received by the Reorganized Debtors are in an amount that is not in excess of the sum of [i] the Senior Payoff Amount and [ii] the BOTW Trigger Amount, then BOTW's right to receive the BOTW Payment shall be completely extinguished, shall be deemed satisfied in full, and BOTW shall have no right to payment.

(c)     BOTW shall have no right to approve, interfere with, seek to enjoin, or otherwise object to, challenge or oppose any sale or refinancing of either or both of the Strip Properties or any extension, amendment, modification or restructuring of the Senior Secured Loans and the claim which makes up the Related Party Payoff Amount even if the result of any such extension, amendment, modification or restructuring shall result in an increase in the amount owed to the Senior Secured Lenders pursuant to the Senior Loan Documents.  In addition, (i) the Senior Secured Lenders shall not have any obligation to give BOTW notice of any extension, amendment, modification or restructuring of the Senior Secured Loan or of any other action taken by the Reorganized Debtors in the conduct of their business, with respect to the Strip Properties or in relation to any aspect of the collateral securing the Senior Secured Claims; (ii) the Reorganized Debtors shall use reasonable efforts to provide BOTW with non-confidential information and updates upon the reasonable written request of BOTW; and (iii) the Reorganized Debtors shall provide BOTW with written notice of any sale or refinancing of either or both of the Strip Properties within fourteen (14) days after the closing of any such sale or refinancing.  Notice shall be given to BOTW by U.S. Mail, overnight mail, or electronic

mail at the following address: Bank of the West, c/o Mark McCue, Senior Vice President, Real Estate Managed Assets Department, 2527 Camino Ramon, San Ramon, CA 94583, with a copy to James A. Tiemstra, Tiemstra Law Group, PC, 1111 Broadway, Suite 1501, Oakland, CA 94607.

(d)    Any sale or refinancing of either or both of the Strip Properties shall be at the Reorganized Debtors' sole and exclusive discretion, subject to the terms of the Senior Loan Documents, and the Reorganized Debtors shall be under no obligation to sell or refinance the Strip Properties. If no sale or refinancing of either or both of the Strip Properties occurs within five (5) years after the entry of this Order, then BOTW's right to receive the BOTW Payment shall be completely and automatically extinguished, shall be deemed satisfied in full, and BOTW shall have no right to payment without any further notice.

(e)    The claim of BOTW under this Order and the BOTW Payment shall not accrue interest.

(f)    BOTW shall not have the right to transfer, assign or encumber BOTW's limited right to receive the BOTW Payment without the express written consent of the Reorganized Debtors, which consent shall not be unreasonably withheld, and unless the assignee expressly agrees in writing to be bound by all of the terms and conditions of this Order.

(g)    Except with respect to a lien granted to the holders of the Related Party Payoff Amount, which lien may only be granted [i] to the extent of the Related Party Payoff Amount and [ii] only with the consent of the Senior Secured Lenders unless the Senior Secured Claims, including, but not limited to, the Senior Payoff Amount is paid in

full through the granting of said lien (and then only in compliance with the Senior Loan Documents) each of the Debtors and/or the Reorganized Debtors agree that it shall not grant a lien on the Strip Properties to any third party that is junior to that of the Senior Secured Claim of the Senior Secured Lenders.

(h)    Other than BOTW's right to receive the BOTW Payment described in this Order, no other Junior Lienholder shall be entitled to receive any payment or proceeds arising from or related to any sale or refinancing of either or both of the Strip Properties, or otherwise, and all such claims are discharged pursuant to the terms of the Plan and this Order.

### *Term of Bankruptcy Injunction or Automatic Stay*

12.    The stay in effect in the Chapter 11 Cases pursuant to section 105 or 362(a) of the Bankruptcy Code shall continue to be in effect until the Effective Date, and at that time shall be dissolved and of no force or effect, subject to the injunction set forth herein and/or section 524 and 1141 of the Bankruptcy Code; provided, however, that nothing herein shall bar the taking of such actions as are necessary to effectuate the transactions specifically contemplated by the Plan or by this Order prior to the Effective Date.

### *Matters Relating to Implementation of the Plan*

13.    The approvals and authorizations specifically set forth in this Order are nonexclusive and are not intended to limit the authority of the Debtors or each Reorganized Debtor or any officer thereof to take any and all actions necessary or appropriate to implement, effectuate and consummate any and all documents or transactions contemplated by the Plan or this Order, including any documentation relating to the preservation of the Senior Secured Lenders' first priority liens and security interests or the removal of the Junior Lien from the

record of the Recorder. In addition, the Reorganized Debtors are specifically authorized and empowered under Bankruptcy Code section 1142(b) to take any and all such actions as the Reorganized Debtors may determine are necessary or appropriate to implement, effectuate and consummate any and all documents or transactions contemplated by the Plan or this Order, all without further application to or order of the Bankruptcy Court and whether or not such actions or documents are specifically referred to in the Plan, the Disclosure Statement and this Order and following the Effective Date, each of such contracts, instruments, releases and other agreements shall be a legal, valid and binding obligation of the respective Reorganized Debtor and enforceable in accordance with its terms.

### *Assignment and Assumption of Executory Contracts and Unexpired Leases*

14.     On the Effective Date, pursuant to section 365 of the Bankruptcy Code, all executory contracts and unexpired leases shall be deemed assumed by each Debtor that is a party to such contract or lease and shall be binding and enforceable upon the parties thereto, except as to each such executory contract or unexpired lease that (a) was previously assumed or rejected pursuant to a Final Order of the Bankruptcy Court; (b) previously expired or terminated pursuant to its own terms; or (c) is the subject of a motion pending, as of the Effective Date, to assume, to assume on modified terms, to reject or to make any other disposition as to such executory contract or unexpired lease.

### *Administrative Claims and Professional Fees*

15.     On the Effective Date, or as soon thereafter as is reasonably practicable, the Reorganized Debtors shall provide written notice of the final date for filing Administrative Claims or requests for allowance of such Claims shall be twenty-eight (28) days after the Effective Date.

16. Pursuant to section 1129(a)(9)(A) of the Bankruptcy Code, each Allowed Administrative Expense Claim, with the exception of each Administrative Expense Claim of a Professional Person, shall be paid in full on or before the Effective Date or as otherwise agreed to by the holder of such Claim. Each Administrative Expense Claim of a Professional Person shall be paid in full within ten (10) days of the entry of a Final Order by the Bankruptcy Court allowing the application for compensation and reimbursement of such Professional Person.

17. Upon the Effective Date, any requirement that Professionals comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after the Effective Date is terminated and the Reorganized Debtors shall employ and pay Professionals in the ordinary course of business.

### *Payment of Fees*

18. All fees payable pursuant to section 1930 of title 28 of the United States Code, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid on or before the Effective Date. All such fees that arise after the Effective Date shall be paid by the Reorganized Debtors. The obligation of each of the Reorganized Debtor to pay quarterly fees to the Office of the United States Trustee pursuant to section 1930 of title 28 of the United States Code shall continue until such time as the Chapter 11 Cases are closed and final decreed.

### *Discharge, Injunctive, Exculpation and Related Provisions*

19. The following provisions of Article VII of the Plan shall be, and hereby are approved in their entirety as they appear in this Order:

    A.    **Satisfaction of Indebtedness and Discharge of Claims**

The distributions made and other accommodations provided to the various classes of creditors as provided for in this Plan shall be in full and complete satisfaction of their Allowed Claims and Allowed Interests. Except to the extent provided for in this Plan or in the Confirmation Order, and subject to Paragraph 6 of the Confirmation Order with respect to the

Senior Secured Claims and the obligations owing to the Senior Secured Lenders pursuant to the Senior Secured Loan Documents, Confirmation shall operate, upon the Effective Date, as a discharge of any and all debts and claims as defined in section 101(5) of the Bankruptcy Code against the Debtors and/or Debtors-in-Possession that arose at any time prior to Confirmation. The discharge of the Debtors and the discharge of claims against the Debtors, whether asserted against the Debtors or the Debtors-in-Possession, shall be effective as to each claim, regardless of whether or not (a) the claim was scheduled, (b) a proof of claim was filed, (c) the claim is an Allowed Claim, or (d) the holder thereof voted to accept the Plan.

### B.     Exculpation

As of the Effective Date, the Debtors, the Reorganized Debtors, and each of their respective present or former officers, members, employees, accountants, advisors, attorneys, consultants, experts or other agents, shall not have or incur any liability to any entity for any act or omission taken on or after the Petition Date in connection with or arising out of the negotiation of the Plan or other related document, the pursuit of Confirmation, the consummation of the Plan, the administration of the Plan or the property to be distributed under the Plan. In no event shall any party exculpated from liability under this section be exculpated from liability in the case of gross negligence, fraud or willful misconduct.

### C.     No Liability for Solicitation or Participation

Pursuant to section 1125(e) of the Bankruptcy Code, the Confirmation Order will provide that all of the persons who have solicited acceptances or rejections of the Plan (including the Debtors, the Reorganized Debtors, and each of their respective present or former officers, members, employees, accountants, advisors, attorneys, consultants, experts or other agents) have acted in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and are not liable on account of such solicitation or participation or for violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of the Plan.

20.    Subject to Paragraph 6 of this Order with respect to the Senior Secured Claims, the satisfaction, release, and discharge pursuant to Article VII of the Plan shall act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim, Interest, or Cause of Action satisfied, released or discharged under the Plan to the fullest extent authorized or provided by the Bankruptcy Code, without limitation, to the extent provided for or authorized by sections 524 and 1141 thereof.

21. Within seven (7) business days of the entry of this Order, the Reorganized Debtors shall give notice of the entry of this Order to all parties having been served with notice of the Confirmation Hearing by United States Mail.

### *Final Order and Immediately Effective*

22. This Order is a final order, and it shall be effective and enforceable immediately upon the entry hereof, its provisions shall be self-executing and it shall not be stayed under Bankruptcy Rules 7062, 9014, 6004(h), 6006(d) or otherwise. The Reorganized Debtors are authorized to consummate all actions contemplated by the Plan and this Order immediately upon entry of this Order.

### *Retention of Jurisdiction*

23. The Court shall retain jurisdiction to, among other things, (i) interpret, implement and enforce the terms and provisions of this Order and the Plan, (ii) hear and determine any objection to a claim, (iii) hear and determine any action brought by the Debtors or the Debtors-in-Possession seeking to avoid any transfer of an interest of the Debtors in property, or any obligation incurred by the Debtors, that is avoidable pursuant to applicable law; (iv) hear and determine all causes of action, controversies, disputes, or conflicts between or among the Debtors, the Reorganized Debtors, and any other party, including those that were pending prior to Confirmation; (v) hear and determine all questions and disputes regarding title to the property of the Debtors or the Estates; (vi) correct any defect, cure any omission, or reconcile any inconsistency in the Plan or this Order as may be necessary to carry out the purpose and intent of the Plan; (vii) hear and determine any action brought by the Debtors and/or the Reorganized Debtors to protect the Debtors and the Estates from actions of creditors or any other party in

interest; (viii) issue any order necessary to implement the Plan or this Order, including such declaratory and injunctive orders as are appropriate to protect the Debtors, the Estates and the Reorganized Debtors from action of creditors or other parties in interest; and (ix) modify of the Plan after Confirmation pursuant to the Bankruptcy Rules and the Bankruptcy Code.

### *References to Plan Provisions*

24. The failure to include or specifically reference any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety. The provisions of the Plan and of this Order shall be construed in a manner consistent with each other so as to effect the purposes of each; provided however, that if there is determined to be any inconsistency between any Plan provisions and any provisions of this Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Order shall govern and such provisions of this Order shall be deemed a modification of the Plan and shall take control and take precedence.

**IT IS SO ORDERED.**

Dated: 6/3/14 , 2014

ENTERED:

Honorable Christopher S. Sontchi
United States Bankruptcy Judge